UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

JUDITH A. ALTERIO
A/K/A JUDY A. ALTERIO,

Chapter 7
Case No. 19-36305-CGM

Debtor.

**AFFIRMATION IN SUPPORT OF CREDITOR'S MOTION
<u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

**TO THE HONORABLE CECELIA G. MORRIS, CHIEF BANKRUPTCY JUDGE:**

I, Érina Fitzgerald, Esq., am an attorney duly admitted to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

1. I submit the within Affirmation under penalty of perjury in support of the Motion of the secured creditor, Rushmore Loan Management Services LLC, as servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust (the "Movant"), to terminate the automatic stay in this case with respect to the real property commonly known as 33 Cumberland Road, Fishkill, New York 12524 (the "Premises").

2. The Debtor claims the Premises as her residence which may be shared with one or more tenants as indicated in the debtor's recently filed Order to Show Cause. (See this Court's docket.)

3. As a result of the Debtor's default on the installment payments, foreclosure proceedings were commenced in the Supreme Court of the State of New

York, County of Dutchess, bearing Index No. 6397/2012, which resulted in the Judgment of Foreclosure and Sale signed on November 23, 2016, by the Honorable James V. Brands, J.S.C. directing the sale of the Premises at public auction by and under the direction of the appointed referee. Annexed hereto as **Exhibit A** is a copy of the Judgment of Foreclosure and Sale.

4. Pursuant to said Judgment, the Premises was sold at a public foreclosure auction and a Referee's Deed executed on August 14, 2018, and recorded with the Office of the Dutchess County Clerk on September 17, 2018 at Document No. 02 2018 6707, thereby placing title to the Premises into the Movant. Therefore, the Movant is entitled to the immediate possession of the Premises. Copies of the Referee's Deed and relevant Power of Attorney are annexed hereto as **Exhibit B**.

5. Despite the foreclosure sale of the Premises, the Debtor continued to occupy the Premises after the Judgment was entered, violating the Movant's right to the immediate possession of same. Upon information and belief, neither the Debtor nor any other occupants of the Premises have been provided a license or lease to remain at the Premises, nor have any of the occupants timely asserted that they were entitled to additional protection under the New York Protecting Tenants at Foreclosure Act, which has been codified as RPAPL Section 1305.

6. Due to the lack of license or lease to remain at the Premises, the occupants were in violation of the Notice to Vacate, and with no use and occupancy payments being made, a holdover proceeding was accordingly commenced in the Town of Fishkill Justice Court on or about March 13, 2019. Copies of the Notice of Petition commencing

holdover proceeding, Petition, 10-Day and 90-Day Notices to Vacate, and Affidavits of Service are collectively annexed hereto as **Exhibit C**.

7. On June 30, 2019, the Town of Fishkill Justice Court entered a Judgment of Possession and Warrant of Eviction in favor of the Movant. Annexed hereto as **Exhibit D** are copies of the aforementioned Judgment of Possession and Warrant of Eviction.

8. Upon information and belief, the Debtor attempted to obtain an Order to Show Cause to Stay the Eviction, which was not granted.

9. As such, on August 6, 2019, the Debtor commenced the instant case under the provisions of Chapter 7 of the Bankruptcy Code by the filing of a deficient petition without any schedules. (See this Court's docket.) This is the third bankruptcy case commenced by the Debtor since the entry of the Judgment of Foreclosure – in addition to several Orders to Show Cause which were eventually denied – and both previous cases commenced by the Debtor were dismissed for the Debtor's failure to prosecute same. Annexed hereto as **Exhibit E** is a copy of a PACER search performed with regard to the Debtor.

10. This honorable Court is respectfully referred to the full legal analysis of the matter as it appears in the accompanying Memorandum of Law of the Movant, by its attorneys, Knuckles, Komosinski & Manfro, LLP, and the Relief from Stay – Real Estate and Cooperative Apartments Form dated September 5, 2019. Relief from Stay – Real Estate and Cooperative Apartments form is annexed hereto as **Exhibit F**. For the sake of brevity, the full legal analysis will not be repeated herein.

3

## CONCLUSION

11. In light of the foregoing, the Movant seeks leave to enforce the Judgment of Possession and Warrant of Eviction against the Debtor and any occupants of the Premises, and to remove same from the Premises.

12. The continuation of the automatic stay with respect to the Movant herein furthers no purpose of the Bankruptcy Code, as the mortgage debt which once encumbered the Premises has merged with and into the Referee's Deed and no longer exists. (See **Exhibit A**.) Therefore, the Movant is entitled to the immediate possession of the Premises.

13. The Debtor has enjoyed the use and occupancy of the Premises without paying any use and occupancy to the Movant.

14. Due to the history surrounding the Debtor's actions with regard to the Premises, it is highly likely that the Debtor will continue to file bankruptcy petitions in bad faith until this Court enters an order prohibiting any future bankruptcy petitions filed by the Debtor from staying the eviction proceeding.

15. In further support of this motion, a copy of a proposed Order granting the within requested relief is annexed hereto as **Exhibit G**.

**WHEREFORE**, the Movant respectively requests an Order granting: (a) relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so that it may exercise any and all rights and remedies available to it under applicable law with respect to the Premises, including but not limited to enforcing the Judgment of Possession and Warrant of Eviction entered by the Town of Fishkill Justice Court against the Debtor and/or any

other occupant of the Premises; (b) *in rem* relief, pursuant to 11 U.S.C. § 362(d)(4)(B), 11 U.S.C. § 105(a), 11 U.S.C. § 109(g)(1) such that the automatic stay of any and all future filings by the Debtor and/or any person having or claiming an interest in the Premises within two years of the date of said Order will not attach to said property and will therefore not prevent the Movant from exercising any and all rights and remedies available to it under applicable law with respect to the Premises; and (c) such other and further relief as this honorable Court may deem just and proper.

Dated: September 9, 2019
    Fishkill, New York

                                  **KNUCKLES, KOMOSINSKI & MANFRO LLP**
*Attorneys for Rushmore Loan Management Services LLC, as servicer for Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust*

By: /s/ ÉRINA FITZGERALD, ESQ.
     ÉRINA FITZGERALD, ESQ.
     565 Taxter Road, Suite 590
     Elmsford, New York 10523
     (914) 345-3020
     ef@kkmllp.com